IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| J.S.,<br><br>  Plaintiff,<br><br>v.<br><br>TRAVEL LODGE OLD NATIONAL, LLC, HIMA ENTERPRISES, INC., and SAS HOTELS, LLC,<br><br>  Defendants. | CIVIL ACTION FILE NO.<br>1:25-CV-01635-ELR |

**DEFENDANT SAS HOTELS, LLC'S BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE ANSWER OUT OF TIME**

COMES NOW Defendant SAS HOTELS, LLC and submits this Brief in Support of Motion for Leave to File Answer Out of Time, showing the Court as follows:

### I.   STATEMENT OF FACTS

On March 27, 2025, Plaintiff filed her Complaint in this matter, naming as Defendants Travel Lodge Old National, LLC, HIMA Enterprises, Inc., and SAS Hotels, LLC. (Dkt. #1). In her Complaint, Plaintiff asserts that SAS is liable to her under the federal Trafficking Victims Protection Reauthorization Act's (TVPRA) (18 U.S.C. §1595(a)) because she claims she was trafficked by an unidentified third-party at the Econo Lodge hotel at 4874 Old National Highway, College Park.

SAS was the owner and operator of that hotel for a period of time during which Plaintiff claims she was trafficked there. (Dkt. #1).

On April 3, 2025, SAS was served with process in this case. (Dkt. #10-1). Under the Federal Rules, that meant responsive pleadings were due to be filed on or before April 24, 2025. Also on April 3, 2025, in the same package, SAS was served with a Summons and Complaint in two other cases with different Plaintiffs who asserted substantially similar facts and are represented by the same lawyers.[1]

SAS's registered agent—who had never been involved in a lawsuit prior to these actions—was overwhelmed by these papers delivered to him. He thought the papers were duplicates and sent only one set to SAS's insurance carrier. (Ex. A, ¶5). The carrier thus retained counsel only in the one case. (Ex. A, ¶7). Counsel appeared and, by stipulation with Plaintiff's counsel, timely answered for SAS in *T.W.*

In this case, Plaintiff's counsel brought to SAS's attention that, in addition to in *T.W.*, SAS had been named and served in this case and in *D.B.* Having now submitted both cases to its carrier, counsel has been authorized also to appear for and defend SAS in this case. (Ex. A, ¶9).

---

[1] These cases are:
  (1) *T.W. v. SAS Hotels, LLC*, CAF No. 1:25-CV-01636-LMM, USDC, ND GA, Atlanta Div.; and
  (2) *D.B. v. Travel Lodge Old National, LLC, HIMA Enterprises, Inc., and SAS Hotels, LLC*, CAF No. 1:25-CV-01634-AT, USDC, ND GA, Atlanta Div.

2

SAS has this day filed an Answer. It is respectfully requested that the Court direct the clerk to accept it.

## II.   ARGUMENT AND CITATION OF AUTHORITY

Although more than 21 days has passed since SAS was served with process, it would serve justice to allow it to file its answer now and defend this case on the merits. See, F.R.C.P. 12; *See*, *Robinson v. U.S.*, 734 F.2d 735, 739 (11th Cir. 1984) (Whether to set aside an entry of default is within the discretion of the trial court).

No default has been entered in this case. Once Plaintiff's counsel brought the problem to SAS's attention, SAS moved promptly to rectify the error.

"Defaults are not favored in federal court and trials on the merits are the preferred method for resolving disputes." *See, e.g.*, *Ritts v. Dealers Alliance Credit Corp.*, 989 F. Supp. 1475, 1480 (N.D. Ga. 1997); *Scottsdale Ins. Co. v. BPS Intl., Inc.*, 4:15-CV-0180-HLM, 2016 U.S. Dist. LEXIS 198927, at *20-21 (N.D. Ga. Apr. 29, 2016); *Life Ins. Co. of N.A. v. Williams*, 1:15-CV-00062-ELR, 2015 U.S. Dist. LEXIS 178492, at *4-5 (N.D. Ga. May 22, 2015); *see, also*, *Blau v. Bill Heard Chevrolet Corp.-Orlando*, 422 B.R. 293, 302 (N.D. Ala. 2009) (collecting circuit court opinions regarding the "universally recognized principle that defaults are not favored in the law").

In this case, the failure was due to inadvertent misunderstanding by Defendant SAS. *Rasmussen v. W. E. Hutton & Co.*, 68 F.R.D. 231, 235 (N.D. Ga.

1975) ("When setting aside a default as opposed to vacating a default judgment, it is not always necessary that the neglect of oversight be excusable.")

The error has been corrected. SAS's Answer with meritorious defenses has been filed. *See*, *Compania Interamericana Exp.-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996).

Plaintiff would suffer no prejudice if the Court permitted the late Answer. Discovery has not begun and the approximate 30 day delay will visit no undue prejudice on Plaintiff. *Washington v. Rogers*, 2007 U.S. Dist. LEXIS 45717, at *4 (S.D. Ga. June 14, 2007); *Rogers v. Allied Media (In re Rogers)*, 160 B.R. 249, 252 (Bankr. N.D. Ga. 1993) (filing a motion to open a default a month after the entry of default was not unreasonable).

Here, the case has not even begun. Only one of three party-defendants have answered. Another Defendant Travel Lodge filed a Motion to Dismiss in lieu of an Answer. (Dkt. #17). No discovery is outstanding. No substantive work has been done in the case.

### III.   CONCLUSION

It would be just and proper to allow SAS's Answer to be filed and for SAS to defend the case on the merits. For these reasons, SAS asks that its Motion be granted and that the clerk be directed to accept the late-filed Answer. *See*, *Surtain*

*v. Hamlin Terrace Found.*, 789 F.3d 1239 (11th Cir. 2015); *Quirindongo Pacheco v. Rolon Morales*, 953 F.2d 15 (1st Cir. 1992).

Respectfully submitted this 28th day of May, 2025.

                        MCANGUS GOUDELOCK & COURIE, LLC

                        */s/ Kathryn S. Whitlock*
                        KATHRYN S. WHITLOCK
                        Georgia Bar No. 756233
                        THOMAS D. WHIDDON
                        Georgia Bar No. 330536
                        kate.whitlock@mgclaw.com
                        thomas.whiddon@mgclaw.com
                        Post Office Box 57365
                        Atlanta, Georgia 30343
                        (678) 500-7307
                        *Attorneys for Defendant SAS Hotels, LLC*

**CERTIFICATE OF FONT COMPLIANCE**

Counsel for Defendant hereby certifies that the foregoing has been prepared with one of the font and point selections approved by the Court in LR 5.1(B), NDGa:

Times New Roman (14 point).

This the 28th day of May, 2025.

                MCANGUS GOUDELOCK & COURIE, LLC

                */s/ Kathryn S. Whitlock*
                KATHRYN S. WHITLOCK
                Georgia Bar No. 756233
                kate.whitlock@mgclaw.com
                THOMAS D. WHIDDON
                Georgia Bar No. 330536
                thomas.whiddon@mgclaw.com
                Post Office Box 57365
                270 Peachtree Street, NW, Suite 1800 (30303)
                Atlanta, Georgia 30343
                (678) 500-7307
                *Attorney*s *for Defendant SAS Hotels, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Defendant SAS Hotels, LLC's Brief in Support of Motion for Leave to File Answer Out of Time* was served upon all counsel of record via the Court's electronic filing system which automatically sends a service copy via electronic mail notification to all counsel of record addressed as follows:

| | |
|---|---|
| LAW & MORAN<br>Peter A. Law<br>pete@lawmoran.com<br>E. Michael Moran<br>mike@lawmoran.com<br>Denise D. Hoying<br>denise@lawmoran.com | ANDERSEN, TATE & CARR, P.C.<br>Patrick J. McDonough<br>pmcdonough@atclawfirm.com<br>Jonathan S. Tonge<br>jtonge@atclawfirm.com |
| PETER F. SCHOENTHALER, P.C.<br>Peter F. Schoenthaler, Esq.<br>pfs@schoenthalerlaw.com<br>Christopher Rosser, Esq.<br>crosser@schoenthalerlaw.com<br>Timothy M. Blenner, Esq.<br>tblenner@schoenthalerlaw.com | JOHNSON EVANS & HEADRICK, P.C.<br>Daniel C. Headrick<br>dheadrick@je.legal |

This the 28th day of May, 2025.

        MCANGUS GOUDELOCK & COURIE, LLC

        */s/ Kathryn S. Whitlock*
        KATHRYN S. WHITLOCK
        Georgia Bar No. 756233
        kate.whitlock@mgclaw.com
        Post Office Box 57365
        270 Peachtree Street, NW, Suite 1800 (30303)
        Atlanta, Georgia 30343
        (678) 500-7307
        *Attorneys for Defendant SAS Hotels, LLC*

In accord with Fed. R. Civ. P. 11, Defendant SAS Hotels, LLC states that this signature block is attached to *Defendant SAS Hotels, LLC's Brief in Support of Motion for Leave to File Answer Out of Time* in Case No. 1:25-CV-01635-SCJ, United States District Court for the Northern District of Georgia, Atlanta Division.