IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| J.S.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TRAVEL LODGE OLD NATIONAL, LLC, HIMA ENTERPRISES, INC., and SAS HOTELS, LLC,<br><br>　　　　Defendants. | CIVIL ACTION FILE NO.<br>1:25-CV-01635-ELR |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

Plaintiff and Defendants held a Rule 26(f) conference on June 10, 2025. The parties hereby submit the following joint preliminary report and discovery plan, pursuant to Local Rule 16.2.

**1.  Description of Case:**

**(a)  Describe briefly the nature of this action.**

This case arises from allegations that Plaintiff was trafficked for sex at the Econo Lodge located at 4874 Old National Hwy, College Park, Fulton County, Georgia 30337 and the Travelodge by Wyndham located at 2471 Old National Highway, College Park, Fulton County, Georgia 30349. Plaintiff asserts statutory liability against Defendants pursuant to the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595.

Defendants deny that they are liable to Plaintiff under the TVPRA or otherwise.

**(b)    Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

<u>**By Plaintiff**</u>:  Plaintiff was a victim of minor sex trafficking at the Econo Lodge and Travelodge from 2012 through 2014. Defendants SAS Hotels, LLC and HIMA Enterprises, Inc. owned, managed, supervised, operated, oversaw, controlled the operation of, and/or were inextricably connected to the renting of rooms at the Econo Lodge, from which they benefited financially. Defendant Travel Lodge Old National, LLC owned, managed, supervised, operating, oversaw, controlled the operation of, and/or was inextricably connected to the renting of rooms at the Travelodge, from which it benefitted financially. Prior to Plaintiff's trafficking, Defendants knew or should have known that their hotels were a venue for sex trafficking, including minor sex trafficking, and other sex crimes, and knew or should have known of Plaintiff's trafficking.

<u>**By Defendants:**</u> Defendant Travel Lodge Old National, LLC owned the Travelodge by Wyndham located at 2471 Old National Highway. Otherwise, Travel Lodge Old National, LLC denies Plaintiff's allegations and denies that it is liable to Plaintiff in any amount or any manner whatsoever.

Defendant HIMA Enterprises, Inc. maintains that it owned the Econo Lodge from approximately 2004 to February 19, 2013. HIMA denies Plaintiffs' allegations and denies that it is liable to Plaintiff in any amount or any manner whatsoever.

Defendant SAS Hotels, LLC owned the Econo Lodge from February 2013 through 2014. Otherwise, SAS Hotels, LLC denies Plaintiff's allegations and denies that it is liable to Plaintiff in any amount or any manner whatsoever.

**(c)     The legal issues to be tried are as follows:**

**By Plaintiff**:  Whether Defendants, or any of them, violated the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a); the amount of damages Plaintiff is entitled to recover; whether Plaintiff is entitled to recover attorneys' fees pursuant to O.C.G.A. §§ 13-6-11, 9-11-68 and 9-15-14, and 18 U.S.C. § 1595(a); and whether Plaintiff is entitled to recover punitive damages pursuant to O.C.G.A. § 51-12-5.1.

**By Defendants:**
Duty
Breach
Proximate Cause
Damages
Punitive Damages
Attorneys' Fees

**(d)     The cases listed below (include both style and action number) are:**

(1)     Pending related cases:

-3-

Technically, there are no pending related cases. However, there is some overlap between this case and the below cases, also in the USDC, ND GA:

*T.W., Plaintiff, v. SAS Hotels, LLC, Defendant*, CAF# 1:25-cv-01636-LMM; and

*D.B., Plaintiff, v. Travel Lodge Old National, LLC, HIMA Enterprises, Inc., and SAS Hotels, LLC, Defendants,* CAF# 1:25-cv-01634-AT.

The parties will coordinate and consolidate discovery in the three cases to the extent feasible.

    (2)    Previously Adjudicated Related Cases:

Not applicable.

**2.    This case is complex because it possesses one or more of the features listed below (please check):**

    \_\_\_\_\_(1)    Unusually large number of parties

    \_\_\_\_\_(2)    Unusually large number of claims or defenses

    \_\_\_\_\_(3)    Factual issues are exceptionally complex

    \_\_\_\_\_(4)    Greater than normal volume of evidence

    \_X\_(5)    Extended discovery period is needed

    \_X\_(6)    Problems locating or preserving evidence

    \_\_\_\_\_(7)    Pending parallel investigations or actions by government

    \_\_\_\_\_(8)    Multiple use of experts

    \_\_\_\_\_(9)    Need for discovery outside United States boundaries

    \_\_\_\_\_(10)    Existence of highly technical issues and proof

_____(11)   Unusually complex discovery of electronically stored information.

**3.     Counsel:**

The following individually named-attorneys are hereby designated as lead counsel for the parties:

*Attorneys for Plaintiff*:
Peter A. Law
E. Michael Moran
Denise D. Hoying
Patrick J. McDonough
Jonathan S. Tonge

*Attorneys for Defendant Travel Lodge Old National, LLC:*
Peter F. Schoenthaler
Christopher Rosser
Timothy M. Blenner
Patrick B. Moore
Sarah J. Unatin

*Attorneys for Defendant HIMA Enterprises, Inc.:*
Daniel C. Headrick

*Attorneys for Defendant SAS Hotels, LLC:*
Kathryn S. Whitlock
Thomas D. Whiddon

**4.     Jurisdiction:**

**Is there any question regarding this court's jurisdiction?**

_____Yes   __X__  No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.     Parties to This Action:**

**(a)     The following persons are necessary parties who have not been joined.**

Defendants contend that the alleged trafficker may need to be named as a defendant.

**(b)     The following persons are improperly joined as parties:**

None.

**(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

None.

**(d)     The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.** **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P.15. Further instructions regarding amendments are contained in LR 15.

**(a)** **List separately any amendments to the pleadings, which the parties anticipate will be necessary:**

None at this time.

SAS Hotels, LLC anticipates seeking permission to and filing a Motion to Strike portions of Plaintiff's Complaint that are redundant, immaterial, impertinent, or scandalous matter.

**(b)** **Amendments to the pleadings submitted LATER THAN 30 DAYS after the preliminary report and discovery schedule is filed or should have been filed will not be accepted for filing, unless otherwise permitted by law.**

**7.** **Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN 30 DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the Court to file later. Local Rule 7.1(A)(2).

**(a)** *Motions to Compel*: Before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

**(b)** *Summary Judgment Motions*: Within 30 days after the close of discovery, unless otherwise permitted by Court order. Local Rule 56.1.

**(c)** *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

**(d)** *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8. Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).**

The parties will serve initial disclosures on or before July 3, 2025.

**9. Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

The parties do not request a scheduling conference at this time.

**10. Discovery Period:**

**The discovery period commences thirty (30) days after the appearance of the first Defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

By Plaintiff: Discovery is not stayed and should proceed as called for in the Federal Rules of Civil Procedure, with discovery opening on July 3, 2025, the date the parties have agreed to file Initial Disclosures.

By Defendants: Because a Motion to Dismiss in lieu of an Answer was filed by one of the Defendants, discovery should be stayed until 7 days after the Court rules on that motion. Defendants agree that, if the Court does not stay discovery, the discovery period opens on July 3, 2025.

**Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a**

**discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

The case is currently assigned to a four-month discovery period. The parties need to conduct discovery on the circumstances underlying the alleged subject sex trafficking; crimes at and around the Econo Lodge and Travel Lodge; causation; and damages, as well as other matters.

The parties request six months for discovery from the date discovery begins. This discovery period reflects the parties' anticipation that extensive third-party discovery will be needed, included but not limited to requests to governmental entities and other third-parties. The parties have discussed and agreed to submit an initial consent motion to extend discovery at or near the expiration of the six-month discovery period as circumstances may warrant.

If discovery is not stayed, it would expire on January 5, 2026 (Monday) under a six month plan.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

See above.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

(a) **What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

None known at this time.

**(b) Is any party seeking discovery of electronically stored information?**

   X  Yes      No

**If "yes,"**

(1) **The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The parties have agreed to work together regarding the production of electronically stored information.

(2) **The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The parties will produce all electronically stored information in native format to the extent available; otherwise, said information may be produced in .pdf format. All electronically stored information will be produced electronically via Dropbox, Sharefile, or other service provider, or via flash drive or external hard drive, and will include all associated metadata to the extent same is available.

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

**12.   Other Orders:**

**What other orders do the parties think the court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

None at this time.

**13.   Settlement Potential:**

**(a)   Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) settlement conference that was held on June 10, 2025 and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party:**

Attorney for Plaintiff: Denise D. Hoying
Lead counsel (signature): */s/ Denise D. Hoying*

Attorney for Defendant Travel Lodge Old National, LLC: Peter F. Schoenthaler
Lead counsel (signature): */s/ Peter F. Schoenthaler*
Other participants: Patrick B. Moore

Attorney for Defendant HIMA Enterprises, Inc.: Daniel C. Headrick
Lead counsel (signature): */s/ Daniel C. Headrick*

Attorney for Defendant SAS Hotels, LLC: Kathryn S. Whitlock
Lead counsel (signature): */s/ Kathryn S. Whitlock*
Other participants: Thomas D. Whiddon

**(b)   All parties were promptly informed of all offers of settlement and following discussions by all counsel, it appears that there is now:**

( _ )   A possibility of settlement before discovery.
( x )   A possibility of settlement after discovery.
( _ )   A possibility of settlement, but a conference with the judge is needed.
( _ )   No possibility of settlement.

**(c)** **Counsel (X) do or ( ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is undetermined.**

**(d)** **The following specific problems have created a hindrance to settlement of this case.**

None at this time.

**14.** **Trial by Magistrate Judge:**
**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

**(a)** **The parties ( ) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this \_\_\_\_ day _____, of 20\_\_.**

**(b)** **The parties (X) do not consent to having this case tried before a magistrate judge of this court.**

This 3rd day of July, 2025.

*SIGNATURES ON FOLLOWING PAGE.*

Respectfully submitted,

| **LAW & MORAN** | **ANDERSEN, TATE & CARR, P.C.** |
|---|---|
| */s/ Denise D. Hoying* | */s/ Patrick J. McDonough* |
| Peter A. Law | Patrick J. McDonough |
| Georgia Bar No. 439655 | Georgia Bar No. 489855 |
| E. Michael Moran | Jonathan S. Tonge |
| Georgia Bar No. 521602 | Georgia Bar No. 303999 |
| Denise D. Hoying | One Sugarloaf Centre |
| Georgia Bar No. 236494 | 1960 Satellite Boulevard, Suite 4000 |
| 563 Spring Street, NW | Duluth, Georgia 30097 |
| Atlanta, Georgia 30308 | Phone: (770) 822-0900 |
| Phone: (404) 814-3700 | Fax: (770) 822-9680 |
| Fax: (404) 842-7710 | pmcdonough@atclawfirm.com |
| Pete@lawmoran.com | jtonge@atclawfirm.com |
| Mike@lawmoran.com | *Attorneys for Plaintiff* |
| Denise@lawmoran.com | |
| *Attorneys for Plaintiff* | |

| **SCHOENTHALER LAW GROUP, P.C.** | **WEINBERG WHEELER HUDGINS GUNN & DIAL, LLC** |
|---|---|
| */s/ Peter F. Schoenthaler* | */s/ Patrick B. Moore* |
| Peter F. Schoenthaler | Patrick B. Moore |
| Georgia Bar No. 629789 | Georgia Bar No. 520390 |
| Christopher Rosser | Sarah J. Unatin |
| Georgia Bar No. 761317 | Georgia Bar No. 953061 |
| Timothy Blenner | 3344 Peachtree Road NE |
| Georgia Bar No. 653606 | Suite 2400 |
| 270 Peachtree Street, NW | Atlanta, GA 30326 |
| Suite 1800 | Phone: (404) 876-2700 |
| Atlanta, Georgia 30303 | Fax: (404) 875-9433 |
| Phone: (678) 500-7307 | pmoore@wwhgd.com |
| Fax: (678) 669-3546 | sunatin@.wwhgd.com |
| *Attorneys for Defendant Travel Lodge Old National, LLC* | *Attorneys for Defendant Travel Lodge Old National, LLC* |

| | |
|---|---|
| **JOHNSON EVANS & HEADRICK, P.C.** | **MCANGUS GOUDELOCK & COURIE, LLC** |
| */s/ Daniel C. Headrick* <br> Daniel C. Headrick <br> Georgia Bar No. 663930 <br> 2690 Cobb Parkway SE <br> Suite A5-342 <br> Smyrna, GA 30080 <br> Phone: (865)444-6352 <br> dheadrick@je.legal <br> *Attorney for Defendant HIMA Enterprises, Inc.* | */s/ Kathryn S. Whitlock* <br> Kathryn S. Whitlock <br> Georgia Bar No. 756233 <br> Thomas D. Whiddon <br> Georgia Bar No. 330536 <br> 270 Peachtree Street, NW <br> Suite 1800 <br> Atlanta, Georgia 30303 <br> Phone: (678) 500-7307 <br> Fax: (678) 669-3546 <br> kate.whitlock@mgclaw.com <br> thomas.whiddon@mgclaw.com <br> *Attorneys for Defendant SAS Hotels, LLC* |

## **CERTIFICATE OF COMPLIANCE**

This is to certify that the foregoing ***Joint Preliminary Report and Discovery Plan*** has been prepared with one of the following font and point selections approved by the Court in LR 5.1., NDGA. Specifically, the above-mentioned pleading was prepared using Times New Roman font of 14 point size.

This 3rd day of July, 2025.

                                        MCANGUS GOUDELOCK & COURIE, LLC

                                        */s/ Kathryn S. Whitlock*
                                        KATHRYN S. WHITLOCK
                                        Georgia Bar No. 756233
                                        kate.whitlock@mgclaw.com
                                        THOMAS D. WHIDDON
                                        Georgia Bar No. 330536
                                        thomas.whiddon@mgclaw.com
                                        Post Office Box 57365
                                        270 Peachtree Street, NW, Suite 1800 (30303)
                                        Atlanta, Georgia 30343
                                        (678) 500-7307
                                        *Attorneys for Defendant SAS Hotels, LLC*

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a true and correct copy of the foregoing ***Joint Preliminary Report and Discovery Plan*** with the Clerk of Court using the CM/ECF system which will automatically send email notification to:

    Peter A. Law, Denise D. Hoying, and E. Michael Moran
    Patrick J. McDonough and Jonathan S. Tongue
    Peter F. Schoenthaler, Christopher Rosser, and Timothy Blenner
    Patrick B. Moore and Sarah J. Unatin
    Daniel C. Headrick

This 3rd day of July, 2025.

                              MCANGUS GOUDELOCK & COURIE, LLC

                              */s/ Kathryn S. Whitlock*
                              KATHRYN S. WHITLOCK
                              Georgia Bar No. 756233
                              kate.whitlock@mgclaw.com
                              THOMAS D. WHIDDON
                              Georgia Bar No. 330536
                              thomas.whiddon@mgclaw.com
                              Post Office Box 57365
                              270 Peachtree Street, NW, Suite 1800 (30303)
                              Atlanta, Georgia 30343
                              (678) 500-7307
                              *Attorneys for Defendant SAS Hotels, LLC*