## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| J.S., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 1:25-CV-01635-ELR |
| | * | |
| TRAVEL LODGE OLD NATIONAL, | * | |
| LLC, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

———————

## ORDER

———————

On March 27, 2025, Plaintiff J.S. filed this action. See Compl. [Doc. 1]. On April 3, Defendant SAS Hotels, LLC, was served with process in this case. [Doc. 10-1]. Accordingly, SAS's answer was due on or before April 24, 2025. See Fed. R. Civ. P. 12(a)(1)(A)(i). On May 28, 2025, SAS filed an unopposed Motion for Leave to File Answer Out of Time. [Doc. 18]. By that motion, SAS represents that its registered agent, Mohammed Awal, was served with a package of three lawsuits on April 3. [Doc. 18-1 at 2]. The package included a lawsuit styled as T.W. v. SAS Hotels, LLC ("T.W."), this action, and another lawsuit. [Id.] Awal mistakenly thought the package contained only the T.W. lawsuit with two extra copies, rather than three separate lawsuits. See Aff. of Mohammed Awal ¶¶ 4–6

[Doc. 18-2]. Consequently, Awal only forwarded the T.W. lawsuit to SAS's insurance carrier. Id. SAS then retained counsel who answered on behalf of SAS in the T.W. case. [Doc. 18-1 at 2]. At some unspecified time after SAS filed its answer in T.W., Plaintiff's counsel informed them that, in addition to T.W., SAS had also been named and served in this action. [Id.] Subsequently, SAS filed its untimely Answer in this case on May 28, 2025. See SAS Answer [Doc. 19]. SAS now asks the Court to grant its unopposed Motion for Leave to File Answer Out of Time. [Doc. 18].

"[A] defendant who fails to answer within the time specified by the rules is in default even if that fact is not officially noted." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1337 (11th Cir. 2014) (citation omitted). Therefore, the Eleventh Circuit instructs that a motion to file an out-of-time answer is assessed under the Federal Rule of Civil Procedure 55(c) "good cause" standard for setting aside a default "rather than under the 'more rigorous,' 'excusable neglect' standard" set forth in Federal Rule of Civil Procedure 6(b). See id. at 1338. The good cause standard is a "liberal one." Id. at 1337 n.7.

While good cause "is not susceptible to a precise formula," the Eleventh Circuit has articulated several general guidelines for courts to consider in making that determination. See Compania Interamericana Export-Import, S.A. v. Compania Dominicana, 88 F.3d 948, 951 (11th Cir. 1996). These guidelines include: (1)

whether the default was culpable or willful; (2) whether setting it aside would prejudice the adversary; (3) whether the defaulting party presents a meritorious defense; (4) whether the public interest is implicated; (5) whether there was significant financial loss to the defaulting party; and (6) whether the defaulting party acted promptly to correct the default. See id.; see also Christian v. Okefenokee Charlton Tr., 5:19-CV-034, 2020 WL 5209537, at *1 (S.D. Ga. Sept. 1, 2020) (same). "These factors are not 'talismanic,' however, and courts have examined a number of others." Silverton Mortg. Specialists, Inc. v. Silverton Fin. Servs., Inc., Civil Action No. 1:09-CV-01583-JOF, 2010 WL 2490955, at *3 (N.D. Ga. June 15, 2010). "Whatever factors are employed, the court's overriding concern is the strong public policy in favor of determining cases on their merits." Id. Accordingly, "courts are hesitant to deem a default willful when a litigant takes prompt action to cure." Joe Hand Promotions, Inc. v. Allen, No. CV 118-127, 2018 WL 5087233, at *1 (S.D. Ga. Oct. 18, 2018).

Here, SAS's failure to file a timely answer was not willful, and Plaintiff does not argue that the delay was prejudicial. Indeed, SAS filed its out-of-time Answer approximately one month after it was due, and at the time, the seven-month discovery period in this case had only just begun. [See Doc. 29]. Thus, in light of the strong public policy in favor of determining cases on their merits and for good cause shown, the Court **GRANTS** SAS's unopposed Motion for Leave to File Answer Out

of Time, [Doc. 18], and considers SAS's May 28, 2025 Answer [Doc. 19] as timely filed.

**SO ORDERED**, this 4th day of August, 2025.

Eleanor L. Ross
United States District Judge
Northern District of Georgia