IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| J.S.,<br><br>    Plaintiff,<br><br>  v.<br><br>TRAVEL LODGE OLD NATIONAL, LLC, HIMA ENTERPRISES, INC., and SAS HOTELS, LLC,<br><br>    Defendants. | CIVIL ACTION FILE NO.<br>1:25-CV-01635-ELR |

**DEFENDANT SAS HOTELS, LLC'S REPLY BRIEF
IN SUPPORT OF MOTION TO STRIKE**

**COMES NOW Defendant SAS Hotels, LLC** and submits this Reply Brief in Support of its Motion to Strike portions of Plaintiff's Complaint, showing the Court as follows:

**I.    ARGUMENT & CITATION OF AUTHORITY**

First and foremost, Plaintiff makes the odd argument that SAS is somehow trying to hide the substance of the purposefully inflammatory allegations that it seeks to have stricken—Paragraphs 15, 17, 25, 26, 32, 33, 34, 36, and 57 of Plaintiff's Complaint. Bringing them to the Court's attention is hardly hiding them. (Dkt. #36 at 3). This notion is contrary to the entire substance of SAS's Motion and Brief, which explicitly cites to the paragraphs in question which are fully available to the

1

Court. (Dkt. #33 at 1; Dkt. #33-1 at 3-4). SAS's Brief examines each of Plaintiff's nine objectionable paragraphs, assessing each individually and providing an explanation why each should be stricken. (Dkt. #33-1 at 4).

Plaintiff expends several pages of her Response repeating the text of each objectionable paragraph. (Dkt. #36 at 3-6). That does not refute SAS's arguments.

### a. Paragraph 15: Generalized allegations about sex trafficking in Atlanta.

Paragraph 15 of Plaintiff's Complaint references an uncited "well-publicized study commissioned by the U.S. Department of Justice" describing the national scale of Atlanta's illegal sex trafficking economies and Atlanta's 2007 sex trafficking statistics—nearly 20 years old. And that article has nothing to do with Plaintiff, who claims to have been trafficked a decade after the article was published. *Doe v. Red Roof Inns, Inc.*, 21 F.4th 714, 726 (11th Cir. 2021); 18 U.S.C. §1595(a). Plaintiff's Paragraph 15 conflates the importance of this national study and trafficking statistics, but, with no basis, asserts that SAS was somehow aware of this study, which is Plaintiff's stated purpose for making this allegation in its Complaint. (Dkt. #36 at 4).

Further, these statements make no reference to College Park or any suburb town or neighborhood of Atlanta—they are generalizations of a metropolitan area comprised of over 6 million people and hundreds if not thousands of hotels and motels. The allegations in Paragraph 15 are presented purely for shock value to

2

confuse and inflame the jury. Therefore, Plaintiff's argument that this study somehow informs the Court of SAS's knowledge of national, Atlanta, or subject-hotel specific sex trafficking for the purposes of this TVPRA claim are flawed and, in fact, demonstrate why this accusation must be stricken. Fed. R. Civ. P. 12(f). *Doe v. Red Roof Inns, Inc.*, 2020 U.S. Dist. LEXIS 67142 at *6, 13 (N.D. Ga. April 13, 2020) (citing *Blake v. Batmasian*, 318 F.R.D. 698, 700 (S.D. Fla. 2017)).

### b. Paragraph 17: Generalized allegations about sex trafficking at hotels.

Paragraph 17 of Plaintiff's Complaint is even worse. It is an excerpted citation from a dissenting opinion issued by the Supreme Court, discussing generalized crime that occurs at hotels and motels across the country. Plaintiff submits this allegation in an effort to impute all of the ills described in this non-specific opinion and particularly sex trafficking to SAS's hotel. Her Response argues that this 2015 opinion is somehow "specific to Defendant's hotel and the market it is located in", demonstrates "Defendant's knowledge of sex trafficking generally," and "provides a basis of Defendant's actual and constructive knowledge that sex trafficking…was occurring…at its hotel." It does not.

The opinion concerned a Los Angeles hotel and municipal code governing guest-records retention; it has no bearing on SAS's actual or constructive knowledge as a College Park hotel owner of specific trafficking crimes in its hotel, College Park, Fulton County, or Atlanta broadly in the "beginning" of 2012 through 2014.

This kind of inductive reasoning lacks any basis in fact. Again, Plaintiff can with no degree of credibility impute knowledge onto SAS of any crimes that may have occurred at or around SAS's hotel during the time that SAS owned it simply by stating statistics or miscellaneous Supreme Court decisions. Presenting a blanket statement about nationwide crime trends—here, a Supreme Court justice's opinion without any statistics cited in support—does not make it so at SAS's hotel property in the beginning of 2012 through 2014. Plaintiff presents this immaterial and impertinent opinion in an effort to mislead and inflame a jury by manufacturing a level of SAS's knowledge necessary to sustain her TVPRA claim, and to create a prejudice against SAS as a hotel operator. There being no basis for these allegations when considering the elements necessary for Plaintiff's TVPRA claim, Paragraph 17 therefore should be stricken from the Complaint. Fed. R. Civ. P. 12(f)(2); *Red Roof Inns, Inc.*, 2020 U.S. Dist. LEXIS 67142 at *6, 13; *Gilbert v. Eli Lily Co., Inc.*, 56 F.R.D. 116, 120 n.5 (D.P.R. 1972); *Walker v. Progressive Select Ins. Co.*, 2022 U.S. Dist. LEXIS 256243, *2 (N.D. Fl. March 4, 2022); *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992).

### c. Paragraph 25: Allegations about persons other than Plaintiff.

Paragraph 25 of Plaintiff's Complaint asserts several rank hearsay allegations without any citation or attribution. First, Plaintiff alleges that unnamed persons were trafficked at SAS's hotel: she provides no specificity as to who or how these people

4

were trafficked, or most importantly, that SAS had any actual or constructive knowledge of these alleged victims' situations. This statement is intended solely to prejudice SAS by conflating other potential victims' allegations with Plaintiffs—pretermitting any rulings concerning the admissibility of such other possible victims' allegations against SAS—to inflame a jury by way of immaterial information framed as SAS's level of knowledge. (Dkt. #36 at 3).

Next, Plaintiff makes yet another allegation without any citation or attribution that SAS's hotel, quoting an anonymous description of SAS's hotel. Again, without any way to challenge this assertion, it is facially apparent that Plaintiff is seeking to manufacture SAS's level of knowledge of alleged sex crimes based on third-party opinions of its hotel property. This quoted language also does not specifically reference this plaintiff's alleged trafficking, which is the knowledge required to support a TVPRA claim. This statement has no bearing on any element of a TVPRA claim and is without basis, and should be stricken.

Finally, Paragraph 25 asserts that SAS's alleged reputation as a place where sex could be purchased—*i.e.*, prostitution as opposed to minor trafficking—caused a "large number of buyers to frequent the hotel each day." This is hearsay; Plaintiff is portending to speak for each of these alleged unnamed participants in sex-for-pay at SAS's hotel and to know their supposed motivations. This speculation gets Plaintiff no closer to carrying her burden on any of the elements of a TVPRA claim,

5

and thus lacks any materiality to this case and should be stricken. Fed. R. Civ. P. 12(f)(2); *Gilbert*, 56 F.R.D. at 120 n.5; *Walker*, 2022 U.S. Dist. LEXIS 256243 at *2; *Talbot*, 961 F.2d at 664.

### d. Paragraph 26: Allegations about persons other than Plaintiff.

Paragraph 26 of Plaintiff's Complaint asserts that other alleged and unnamed trafficking victims were on SAS's hotel property wearing provocative clothing and solicited sexual partners throughout the property. Plaintiff seeks to conflate these other persons' alleged and independent actions with Plaintiff's in an effort to generate SAS's knowledge that trafficking minors was necessarily happening— including knowledge of Plaintiff's trafficking specifically—and that SAS was benefitting from such a "market" in violation of the TVPRA. Plaintiff's and the anonymous persons' behaviors that Plaintiff references are not material to the issue of whether SAS actually or constructively knew that Plaintiff's trafficking or trafficking generally was occurring at its property. At best, these behaviors could indicate that sex was being sold, but these behaviors alone provide no way for SAS to competently know that trafficking minor children was occurring on its premises. Because these allegations are not essential to Plaintiff's claim, do not bear any cognizable relationship to Plaintiff's action, are intended solely to prejudice SAS, and could not be put in evidence, they are immaterial, impertinent, and scandalous,

and Paragraph 26 must be stricken. Fed. R. Civ. P. 12(f)(2); *Gilbert*, 56 F.R.D. at 120 n.5; *Walker*, 2022 U.S. Dist. LEXIS 256243 at *2; *Talbot*, 961 F.2d at 664.

### e. Paragraphs 32 and 33: Generalized allegations about other alleged crimes on the premises.

Similar to Paragraphs 25 and 26, Paragraph 32 of Plaintiff's Complaint makes general allegations that the property and properties close to it were well known for alleged bad acts. The statement lacks any specificity as to who had knowledge about that. And, while Plaintiff alleges that this paragraph demonstrates that SAS "knew or should have known" of other crimes at the hotels and in its immediate vicinity, being located in a high crime area is not and never has been a basis for imposition of liability. (Dkt. #36 at 5).

Likewise, Plaintiff's explanation of this flawed paragraph apparently seeks to expand SAS's knowledge to all crimes of any nature at all other hotel properties nearby that were not owned by SAS, namely Defendant Travelodge. That has no relevance—much less credibility—to Plaintiff's specific trafficking and TVPRA claim as to SAS. The holding in *C.S. v. Wyndham Hotels & Resorts, Inc.*, 538 F. Supp. 3d 1284, 1294 (M.D. Fla. 2021), upon which Plaintiff relies is thus inapplicable. The Court there was only concerned with allegations explicitly regarding a hotel owner's "knowledge of the prevalence of sex trafficking … and failure to prevent it," not all crimes within an unspecified radius of properties as Plaintiff alleges here. *C.S.*, 538 F. Supp. 3d at 1294.

Plaintiff's Paragraph 33 continues its line of allegations that SAS knew or should have known of all varieties of "violent crimes occurring on its premises and approaches" and "crimes at the hotels and in their immediate vicinity" prior to Plaintiff's alleged trafficking. These allegations seek to improperly expand the scope of relevant information to include facts and circumstances which have no bearing on either (a) Plaintiff's alleged trafficking or (b) SAS's actual or constructive knowledge thereof, as required to state a viable TVPRA claim. As above, the *C.S.* holding does not protect this immaterial, impertinent, and scandalous allegation by Plaintiff from being stricken from the Complaint and record in this action.

SAS has denied and continues to deny knowledge of any crimes having occurred on its property, including various unstated natures of crimes that have no bearing on Plaintiff's TVPRA claim; only minor sex trafficking crime(s) can possibly be material to this claim. *Red Roof Inns, Inc.*, 21 F.4th at 726; 18 U.S.C. §1595(a). Any mention of crimes other than minor trafficking constitutes a deliberate effort by Plaintiff to improperly expand the scope of relevant evidence and confuse and incite the jury to the detriment of SAS; such allegations have no material bearing on her TVPRA claim. *Gilbert*, 56 F.R.D. at 120 n.5; *Walker*, 2022 U.S. Dist. LEXIS 256243 at *2; *Talbot*, 961 F.2d at 664. Therefore, Paragraphs 32 and 33 should be stricken. Fed. R. Civ. P. 12(f)(2).

### f. Paragraphs 34 and 36: Generalized allegations about hearsay that SAS may or may not have seen, and none of which address or allege sex trafficking.

Paragraphs 34 and 36 of Plaintiff's Complaint concern anonymous online reviews without citation alleging prostitution observed by these anonymous guests at SAS's hotel. As above, SAS has denied any actual or constructive knowledge of such activity, but that in any event is separate and apart from the alleged sex trafficking of Plaintiff under a TVPRA claim. These allegations constitute rank hearsay which Plaintiff cannot possibly substantiate. There is no standard which imputes actual or constructive knowledge of the substance of any such review onto SAS or requires SAS to monitor all online activity that might mention it or nearby hotels. However, Plaintiff's Paragraphs 34 and 36 seek to do exactly that: impute knowledge of all reviews posted about SAS's hotel property and nearby hotels, and simultaneously accept as true any and all allegations about SAS's property and any nearby hotels posted online. These allegations are immaterial, impertinent, and highly scandalous, and should be stricken from the Complaint by this Court as to prevent undue prejudice to SAS in the course of this TVPRA (not premises liability) action. Fed. R. Civ. P. 12(f)(2); *Gilbert*, 56 F.R.D. at 120 n.5; *Walker*, 2022 U.S. Dist. LEXIS 256243 at *2; *Talbot*, 961 F.2d at 664.

### g. Paragraph 57: Generalized allegations about signs of sex trafficking at hotels that are not associated with SAS or Plaintiff.

Paragraph 57 of Plaintiff's Complaint refers to various signs of sex trafficking published in an uncited set of guidelines by the Department of Homeland Security in an effort to assert that SAS's knowledge or non-compliance with the same hearsay source constitutes actual or constructive knowledge of Plaintiff's alleged minor sex trafficking at its hotel from the beginning of 2012 through 2014. (Dkt. #36 at 6). Plaintiff's recitations of these DHS guidelines in her Complaint (which attributes these signs to Defendant Travelodge's hotel, not SAS's) and Response amount to nothing more than generalized statements by a third-party which have no attribution to SAS or legal requirement for SAS's compliance therewith.

Any reference to this paragraph and its substance should not be shown to the factfinder or any witness in the course of this action. Fed. R. Civ. P. 12(f)(2); *Gilbert*, 56 F.R.D. at 120 n.5; *Walker*, 2022 U.S. Dist. LEXIS 256243 at *2; *Talbot*, 961 F.2d at 664.

### II. CONCLUSION

Paragraphs 15, 17, 25, 26, 32, 33, 34, 36, and 57 of Plaintiff's Complaint each make no specific, credible, or material allegation of knowledge that could reasonably be imputed onto Defendant SAS Hotels, LLC to sustain any element of Plaintiff's TVPRA claim. Neither do they show any engagement by SAS in an enterprise with Plaintiff's alleged traffickers. Instead, these paragraphs would confuse a jury

10

unnecessarily and improperly expand the scope of discovery and evidence into topics beyond consideration of a TVPRA claim—all of which can be avoided by striking these paragraphs. Defendant SAS Hotels, LLC respectfully reiterates its request that this Court grant its Motion, strike from the record Paragraphs 15, 17, 25, 26, 32, 33, 34, 36, and 57 *in toto*, and direct that they not be shown or read to the Court, any witness, or any member of the jury as part of the Complaint. Fed. R. Civ. P. 12(f)(2).

Respectfully submitted this 21st day of August, 2025.

                        MCANGUS GOUDELOCK & COURIE, LLC

                        */s/ Kathryn S. Whitlock*
                        KATHRYN S. WHITLOCK
                        Georgia Bar No. 756233
                        kate.whitlock@mgclaw.com
                        THOMAS D. WHIDDON
                        Georgia Bar No. 330536
                        thomas.whiddon@mgclaw.com
                        Post Office Box 57365
                        270 Peachtree Street, NW, Suite 1800 (30303)
                        Atlanta, Georgia 30343
                        (678) 500-7307
                        *Attorney*s *for Defendant SAS Hotels, LLC*

## **CERTIFICATE OF FONT COMPLIANCE**

Counsel for Defendant SAS Hotels, LLC hereby certifies that the foregoing has been prepared with one of the font and point selections approved by the Court in LR 5.1(B), NDGa:

Times New Roman (14 point).

This the 20th day of August, 2025.

                                  MCANGUS GOUDELOCK & COURIE, LLC

                                  */s/ Kathryn S. Whitlock*
                                  KATHRYN S. WHITLOCK
                                  Georgia Bar No. 756233
                                  kate.whitlock@mgclaw.com
                                  THOMAS D. WHIDDON
                                  Georgia Bar No. 330536
                                  thomas.whiddon@mgclaw.com
                                  Post Office Box 57365
                                  270 Peachtree Street, NW, Suite 1800 (30303)
                                  Atlanta, Georgia 30343
                                  (678) 500-7307
                                  *Attorney*s *for Defendant SAS Hotels, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing ***Defendant SAS Hotels, LLC's Reply Brief in Support of Motion to Strike*** was served upon all counsel of record via the Court's electronic filing system which automatically sends a service copy via electronic mail notification to all counsel of record addressed as follows:

| | |
|---|---|
| LAW & MORAN | ANDERSEN, TATE & CARR, P.C. |
| Peter A. Law | Patrick J. McDonough |
| pete@lawmoran.com | pmcdonough@atclawfirm.com |
| E. Michael Moran | Jonathan S. Tonge |
| mike@lawmoran.com | jtonge@atclawfirm.com |
| Denise D. Hoying | Jennifer M. Webster |
| denise@lawmoran.com | jwebster@atclawfirm.com |
| | |
| PETER F. SCHOENTHALER, P.C. | WEINBERG WHEELER |
| Peter F. Schoenthaler | HUDGINS GUNN & DIAL, LLC |
| pfs@schoenthalerlaw.com | Patrick B. Moore |
| Christopher Rosser | pmoore@wwhgd.com |
| crosser@schoenthalerlaw.com | Sarah J. Unatin |
| Timothy Blenner | sunatin@.wwhgd.com |
| tblenner@schoenthalerlaw.com | |
| Neill K. Wright | |
| nwright@schoenthalerlaw.com | |

JOHNSON EVANS &
HEADRICK, P.C.
Daniel C. Headrick
dheadrick@je.legal

This the 21st day of August, 2025.

*SIGNATURE ON FOLLOWING PAGE.*

13

                MCANGUS GOUDELOCK & COURIE, LLC

                */s/ Kathryn S. Whitlock*
                KATHRYN S. WHITLOCK
                Georgia Bar No. 756233
                kate.whitlock@mgclaw.com
                THOMAS D. WHIDDON
                Georgia Bar No. 330536
                thomas.whiddon@mgclaw.com
                Post Office Box 57365
                270 Peachtree Street, NW, Suite 1800 (30303)
                Atlanta, Georgia 30343
                (678) 500-7307
                *Attorney*s *for Defendant SAS Hotels, LLC*

In accord with Fed. R. Civ. P. 11, Defendant SAS Hotels, LLC states that this signature block is attached to *Defendant SAS Hotels, LLC's Reply Brief in Support of Motion to Strike* in Case No. 1:25-CV-01635-ELR, United States District Court for the Northern District of Georgia, Atlanta Division.