**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

J.S.,                                         *
                                              *
       Plaintiff,                     *
                                              *
    v.                                  *         1:25-CV-01635-ELR
                                              *
TRAVEL LODGE OLD NATIONAL,   *
LLC, et al.,                                 *
                                              *
       Defendants.                  *
                                              *

_____

**ORDER**

_____

On December 4, 2025, Defendant Travel Lodge Old National, LLC filed a Suggestion of Bankruptcy, [Doc. 48], and the Court thereafter administratively closed the case. On May 4, 2026, Plaintiff J.S. filed an order from the United States Bankruptcy Court of this district, dismissing Travel Lodge Old National's bankruptcy case. [Doc. 52-1]. J.S. requested that the Court reopen the case. [Doc. 52].

Before it administratively closed the case, the Court had pending before it Defendant SAS Hotels, LLC's Motion for Leave to file Motion to Strike Out of Time. [Doc. 32]. If SAS Hotels had wished to file a motion to strike, it was required to do so before filing a responsive pleading, pursuant to Fed. R. Civ. P. 12(f)(2).

SAS Hotels instead filed a responsive pleading on May 28, 2025. [Doc. 19]. SAS failed to file the motion to strike in a timely manner, so the Court declines to consider it.[1]

The Court accordingly **DIRECTS** the Clerk to reopen this matter. The Court **DENIES** Defendant SAS Hotels' Motion for Leave to File Motion to Strike Out of Time, [Doc. 32], and **DENIES AS MOOT** SAS Hotels' Motion to Strike, [Doc. 33]. The Court further **ORDERS** the Parties, within **14 DAYS** from the entry of this Order, to file a joint proposed scheduling order for the continued and effective prosecution of this matter, including what pending motions, if any, should be reinstated and resubmitted to the Court and how much additional time, if any, the Parties require for fact discovery.

**SO ORDERED**, this 12th day of May, 2026.

_Eleanor L. Ross_
Eleanor L. Ross
United States District Judge
Northern District of Georgia

---

[1] SAS Hotels contends that there was excusable neglect in its delay filing the motion to strike because the Parties attempted to stipulate to the date discovery began, and any motions the Parties wished to file would be due 30 days after the beginning of discovery, pursuant to Local Rule 7.1(A)(2). [Doc. 32-1 at 2]. When the local rules of a district court conflict with the Federal Rules of Civil Procedure, however, the latter controls. See Fed. R. Civ. P. 83(a)(1); Powell v. Home Depot USA, Inc., No. 07-80434-Civ, 2008 WL 2473748, at *3 (S.D. Fla. June 16, 2008) ("Where there is a conflict between a court's local rules and the Federal Rules, the Federal Rules should control."). To the extent that the Local Rules provided a later deadline by which SAS Hotels could file a motion to strike, the deadline provided by the Federal Rules controlled.